## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

IRON GATE SECURITY, INC.

               Plaintiff,

  - against -

LOWE'S COMPANIES, INC.

             Defendant.

Index No. 15-cv-8814 (SAS)

## DEFENDANT LOWE'S COMPANIES, INC.'S  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

HUNTON & WILLIAMS LLP

Shawn Patrick Regan
200 Park Avenue
New York, NY 10166-0005
212-309-1000
Fax:  212-309-1100
Email:  sregan@hunton.com

Michael A. Oakes
(to be admitted *pro hac vice*)
Steven L. Wood
(to be admitted *pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1500
Fax: 202-778-7459
Email:  moakes@hunton.com
Email:  swood@hunton.com

*Attorneys for Defendant*
*Lowe's Company, Inc.*

Dated:   January 13, 2016

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS .....................................................................................2

III.    LEGAL STANDARD .............................................................................................4

IV.     IRON GATE'S COMPLAINT SHOULD BE DISMISSED FOR FAILING
        TO PLEAD A PLAUSIBLE CLAIM ....................................................................6

        A.     The Complaint Fails To State A Claim For Direct Infringement ...........................6

        B.     The Complaint Fails To State A Claim For Indirect Infringement.........................8

               1.     The Complaint Fails To State A Claim For Induced
                      Infringement.............................................................................9

               2.     The Complaint Fails To State A Claim For Contributory
                      Infringement...........................................................................11

        C.     The Complaint Fails To State A Claim For Willful Infringement.........................12

V.      CONCLUSION ......................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                      **PAGE(S)**

*3D Sys. v. Formlabs, Inc.*,
   No. 13 Civ. 7973 (RWS), 2014 U.S. Dist. LEXIS 65127 (S.D.N.Y. May 9,
   2014) ................................................................................................................14

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)........................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................ passim

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................ passim

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007)......................................................................8, 9

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*,
   No. 6:09-cv-481, 2010 U.S. Dist. LEXIS 92079 (E.D. Tex. Mar. 29, 2010) ...........................9

*Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*,
   No. 14-CV-01503, 2014 U.S. Dist. LEXIS 173662 (E.D. Cal. Dec. 16, 2014)......................5

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) *(en banc)* ............................................................10

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
   609 F. Supp. 2d 1090 (E.D. Cal. 2009).................................................................13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ..................................................................................10

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)................................................................................6

*In re Bill of Lading Transmission and Processing System Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012).........................................................................4

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007).........................................................................13

*Intellectual Ventures I LLC v. Bank of Am. Corp.*,
   No. 3:13-cv-358, 2014 U.S. Dist. LEXIS 28132 (W.D.N.C. Mar. 5, 2014) ...........................11

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993).................................................................................9

*Landmark Tech. LLC v. Aeropostale*,
   No. 09-CV-00262, 2010 U.S. Dist. LEXIS 136568 (E.D. Tex. March 29, 2010)................12

*LaserDynamics USA, LLC v. Cinram Grp., Inc.*,
   No. 15 Civ. 1629 (RWS), No. 15 Civ. 3822 (RWS), 2015 U.S. Dist. LEXIS
   147562 (S.D.N.Y. Oct. 28, 2015) ......................................................................13

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)....................................................................11, 12

*Macronix Intern. Co., Ltd. V. Spansion Inc.*,
   4 F. Supp. 3d 797 (E.D. Va. Mar. 10, 2014)........................................................5, 6

*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*,
   Nos. 92-1462, 92-1480, 1993 U.S. App. LEXIS 16230 (Fed. Cir. Jun. 22,
   1993) .....................................................................................................13

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012).....................................................................14

*Regneron Pharms., Inc. v. Merus, B.V.*,
   No. 14-CV-1650 (KBF), 2014 U.S. Dist. LEXIS 84297 (S.D.N.Y. June 18,
   2014) ......................................................................................................5

*Ricoh Co. Ltd. v. Quanta Computer Inc.*,
   550 F.3d 1325 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 2864 (2009) ....................11

*Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*,
   No. C 12-00068 JW, 2012 U.S. Dist. LEXIS 98641 (N.D. Cal. July 10, 2012)...............13

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*,
   C.A. No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749 (D. Del. Mar. 28, 2012) ..............14

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*,
   No. 14-cv-502, 2014 U.S. Dist. LEXIS 92626 (D.N.J. July 7, 2014) ......................10

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
   No. 13-cv-38-JRG, 2014 U.S. Dist. LEXIS 28249 (E.D. Tex. Mar. 3, 2014) .............11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009).............................................................................9

**STATUTES**

35 U.S.C. § 271(a) ...........................................................................................1

35 U.S.C. § 271(b) and (c)............................................................................................9, 11

**OTHER AUTHORITIES**

Supreme Court Order Implementing Federal Rule Changes, April 29, 2015.................................5

**RULES**

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 4, 14

Fed. R. Civ. P. 84............................................................................................4, 5

Defendant Lowe's Companies, Inc. ("Lowe's") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint [D.E. 1] ("Complaint") of Plaintiff Iron Gate Security, Inc. ("Iron Gate") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.   INTRODUCTION

Lowe's is the parent company of Lowe's Home Centers, LLC, which operates more than 1,800 home improvement stores nationwide.  In its Complaint, Iron Gate — a non-practicing entity — asserts in conclusory fashion that Lowe's directly and indirectly infringes U.S. Pat. No. 6,288,641 ("the '641 Patent") but fails to plead facts that, if true, would be sufficient to establish a plausible claim for direct infringement and fails to plead with particularity the necessary elements to state a claim for indirect infringement or to recover damages for willful infringement.  As a result, the Complaint must be dismissed because it fails to satisfy the minimum pleading standards under the Federal Rules and the pleading requirements set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

First, Iron Gate's direct infringement allegation fails to adequately identify the subject of the purported infringement.  Iron Gate alleges infringement of the '641 Patent, which covers a complex, multi-component network and arrangement of devices used to create a remote security and monitoring system.  But rather than set forth facts sufficient to establish a plausible claim, the Complaint simply parrots the language of 35 U.S.C. § 271(a), and then makes a sweeping accusation that a combination of products and technology, some of which undeniably are not manufactured or sold by Lowe's, can be assembled or used by customers to create an infringing system.  Compl. at ¶22.  (See Exhibit A to Declaration of Shawn Patrick Regan)  Thus, while the Complaint asserts in one paragraph that "Lowe's commits such acts of

direct infringement through the manufacture, use, sale, offer for sale, and/or importation of at least assemblies and apparatus including the Iris Smart Home Management System and its components such as the Iris cameras, Iris Smart Hub and backend servers, and/or Iris mobile apps," (Compl. at ¶13, lines 3-4), the remainder of the Complaint and the asserted patent make clear that Lowe's itself cannot plausibly be a direct infringer.

As to the claims of indirect and willful infringement, the Complaint fails to plead with requisite specificity facts that, if true, would be sufficient to show the necessary knowledge and specific intent elements.  Accordingly, the Court should dismiss Iron Gate's claims of direct and indirect for failure to state a claim upon which relief can be granted.

## II.    STATEMENT OF FACTS

Plaintiff Iron Gate, a non-practicing entity, accuses Lowe's of directly and indirectly infringing U.S. Pat. No. 6,288,641 ("'641 Patent").  Iron Gate alleges that Lowe's infringes "one or more claims" of the '641 Patent because "Lowe's commits such acts of direct patent infringement through the manufacture, use, sale, offer for sale, and/or importation of at least assemblies and apparatus including the Iris Smart Home Management System and its components such as Iris Cameras, Iris Smart Hub and backend servers, and/or Iris mobile apps." Compl. at ¶13.  Iron Gate further alleges that "Lowe's customers directly infringe the apparatus and method claims of the '641 Patent through their setup and use of Iris cameras, the Iris Smart Hub, backend servers, and/or Iris mobile apps." Compl. at ¶22.

The '641 Patent relates to "the use of a mobile terminal to remotely monitor a surveillance location (*e.g.*, home or business)." Compl. at ¶9.  The '641 Patent has 22 total claims.  Of those claims, three claims (1, 15, and 22) are independent claims.  Claim 1 is an assembly claim, claim 15 is a method claim, and claim 22 is an apparatus claim.  Those claims are set forth below:

**1.** An assembly for remotely monitoring at least a portion of a surveillance area, said assembly comprising:

at least one transducer selectably positionable at the at least selected portion of the surveillance area, said transducer selectably operable for transducing human-perceptible signals into transduced signals;

a controller containing a listing identifying positioning of said at least one transducer at the surveillance area, the listing dynamically configurable responsive to positioning of the at least one transducer at the surveillance area, said controller coupled at least selectably to receive the transduced signals generated by said at least one transducer, and said controller for controlling selection of operation of said transducer to transduce the human-perceptible signals into the transduced signals;

a mobile terminal operable to transceive communication signals, said mobile terminal selectably operable to communicate with said controller and, in turn, to receive the transduced signals generated by a selected one of said at least one transducer, the selected one selected from the listing contained at said controller thereby to monitor the at least the selected portion of the surveillance area.

**15.** A method for remotely monitoring at least a portion of a surveillance area, said method comprising:

positioning at least one transducer at the at least the selected portion of the surveillance area, each of the at least one transducer selectably operable to transduce human-perceptible signals into transduced signals;

maintaining a listing identifying the at least one transducer positioned, during said operation of positioning, at the surveillance area;

selecting which of the at least one transducer identified at the listing maintained during said operation of maintaining to operate to transduce the human-perceptible signals into the transduced signals;

forwarding the transduced signals to a mobile terminal, thereby to monitor the portion of the surveillance area.

**22.** In a radio communication system having a mobile terminal and network infrastructure between which a voice channel is formable to communicate therebetween, an improvement of apparatus for permitting a surveillance area to be remotely monitored by the mobile terminal, said apparatus comprising:

at least one transducer positioned at the surveillance area, said transducer for transducing human-perceptible signals at the surveillance area into electromagnetic signals; and

a controller containing a listing identifying positioning of said at least one transducer at the surveillance area, said controller coupled to the network infrastructure and to receive the electromagnetic signals generated by said at least one transducer, and said controller for effectuating a communication link with the mobile terminal to forward the electromagnetic signals thereto.

## III.   LEGAL STANDARD

A complaint must include sufficient allegations "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 545 (2007). A complaint that fails to state a claim for relief shall be dismissed. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must take all factual allegations in the complaint as true, but "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). In addition, to survive a motion to dismiss under 12(b)(6), a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The "plausibility" standard adduced in *Twombly* governs the pleading standard "in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684.

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing System Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Although the Federal Circuit, prior to December 1, 2015, required that direct patent infringement allegations need only satisfy the requirements of Form 18 of Rule 84 of the Federal Rules of Civil Procedure, as this Court has held, "[t]he principles set forth in *Twombly* apply to the evaluation of pleadings in patent infringement cases in this Circuit," and not Form 18 of Rule 84. *Regneron Pharms., Inc. v. Merus, B.V.*, No. 14-CV-1650 (KBF), 2014 U.S. Dist. LEXIS 84297, at *4-*5 (S.D.N.Y. June 18, 2014). Other district courts have concurred in

this Court's assessment that direct infringement claims must be facially plausible and meet the pleading standards of *Twombly* and *Iqbal*. *See, e.g., Macronix Intern. Co., Ltd. V. Spansion Inc.*, 4 F. Supp. 3d 797, 801-804 (E.D. Va. Mar. 10, 2014); *Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*, No. 14-CV-01503, 2014 U.S. Dist. LEXIS 173662, at *8 (E.D. Cal. Dec. 16, 2014) ("the better rule is to apply the plausibility standard to all patent claims"). Moreover, as of December 1, 2015, Rule 84 and its appendix of forms, which includes Form 18, were abrogated, undisputedly making all direct infringement claims subject to the plausibility requirement. *See* Fed. R. Civ. P. 84 (2015). In adopting the amendments, the Supreme Court pronounced that the new rules "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court Order Implementing Federal Rule Changes, April 29, 2015. Because this Court already required that direct infringement allegations must meet the plausibility requirements of *Twombly* and *Iqbal*, it is just and practicable to insist on such pleading specificity for both direct and indirect infringement allegations in this pending matter.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555. The plaintiff's "[f]actual allegations must be enough to raise a right to relief beyond the speculative level." *Id.* A complaint is subject to dismissal unless the alleged facts push a claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

Accordingly, dismissal, based on 12(b)(6), is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

*Twombly*, 550 U.S. at 555.  In *Twombly*, the Supreme Court recognized the prejudice to a defendant that occurs when a complaint lacks factual support, as the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases."  *Id.* at 559. Accordingly, the Supreme Court emphasized the importance of addressing factually unsupported or speculative allegations at the pleading stage.  *Id.* at 557.  The Supreme Court expanded on its *Twombly* decision in *Iqbal* by explaining:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"

*Iqbal*, 556 U.S. at 678-79 (internal citations omitted)(alterations in original); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (holding the Second Circuit applies the *Twombly* plausibility standard).

## IV.   IRON GATE'S COMPLAINT SHOULD BE DISMISSED FOR FAILING TO PLEAD A PLAUSIBLE CLAIM

### A.     The Complaint Fails To State A Claim For Direct Infringement

Iron Gate's Complaint fails to make a plausible claim for direct infringement by Lowe's. The Complaint lacks specificity as to what claims are being infringed, fails to identify what parts or features of the accused product are being accused of infringement for each claim element, and fails to plead joint infringement.  *Macronix*, 4 F. Supp. 3d at 803 (holding "before filing a complaint, counsel must ascertain exactly what claims should alleged to be infringed and how they are infringed. . . . And, it will mean taking great care when crafting a succinct, but

sufficient, patent complaint. But, that is not asking too much."). As such, Iron Gate's direct infringement claims must be dismissed.

First, Iron Gate's Complaint lacks specificity and detail sufficient to put Lowe's on proper notice of the actions that constitute infringement. The Complaint fails to specify which claims of the asserted patent Lowe's purportedly infringes, instead making only the vague and unspecified allegation that Lowe's infringes "one or more claims." Complaint at ¶13. Thus, Lowe's is forced to assume, without more, that all the claims are being asserted. Nevertheless, it is clear from the face of the Complaint and from the '641 patent claims that Iron Gate's direct infringement allegations as to Lowe's are not plausible.

As Iron Gate concedes, the '641 Patent relates to "the use of a mobile terminal to remotely monitor a surveillance location (*e.g.*, home or business)." Compl. at ¶8. In fact, each claim of the '641 Patent requires a "mobile terminal." *See* Exhibit A to Compl. (641 Patent) [D.E. 1-1], independent claims 1, 15, 22. From the plain language of claims it can be deduced, without further claim construction, that the claimed mobile terminal is a piece of hardware, such as a cellular telephone, that can receive signals from a transceiver and create a voice channel for communication. *See, e.g.,* Claim 1, '641 Patent ("a mobile terminal operable to transceive communication signals, said mobile terminal selectably operable to communicate with said controller . . ."). But Iron Gate fails to allege that Lowe's manufactures, sells, offers to sell, imports or uses *any* device that constitutes the claimed mobile terminal, which is essential to state a plausible claim for direct infringement. While Iron Gate specifically identifies components of the accused Iris system such as the camera, which it claims meets other claimed limitations such as the alleged transceiver, the Complaint conspicuously avoids addressing the one limitation that it acknowledges is the central focus of the '641 Patent — the mobile terminal.

The reason is clear — Lowe's does not manufacture or sell cellular telephones or other mobile devices that can be used with the Iris system, and Iron Gate cannot plausibly assert that Lowe's does. Instead, customers must purchase cellphones, tablet or computers from third parties such as electronics retailers and wireless carriers and connect those devices to an Iris system. *See* Exhibit B to Compl. (Iris Camera Set-up Guide) [D.E. 1-2], p. 3; Exhibit C to Compl. (Iris Outdoor Camera Set-up Guide) [D.E. 1-3], p. 3 ("Remotely monitor from smart phone, tablet or computer."). Because multiple parties would be involved with the manufacture, sale, or use of any allegedly infringing system or method, Lowe's cannot be liable for direct infringement absent a claim of joint infringement. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007) ("Direct infringement requires a party to perform or use each and every step or element of a claimed method or product.").

To state a claim for joint infringement, Iron Gate would have had to allege that Lowe's controls or directs all of the parties responsible for practicing claim elements which defendant does not practice itself. *Id.* Indeed, an entity can be held responsible for another's performance only "where the entity directs or controls other performance" or "where the actors form a joint enterprise." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Iron Gate's Complaint makes no effort to allege that Lowe's exerts any direction or control over any other party, such as its customers or wireless carriers or mobile phone manufacturers, to practice the claim elements that Lowe's does not practice as part of any joint infringement. Accordingly, the Complaint fails to state a plausible claim for direct infringement, and this claim must be dismissed.

## B.   The Complaint Fails To State A Claim For Indirect Infringement

Iron Gate also asserts, in conclusory fashion, that Lowe's has indirectly infringed the Patent-in-Suit through inducement and contributory infringement under 35 U.S.C. § 271(b) and

(c).  Compl. at ¶ 23.  Because Iron Gate has failed to state a claim for direct infringement, its claims for indirect infringement also must fail.  *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("either form of 'dependent infringement' cannot occur without an act of direct infringement"); *see also BMC Res.*, 498 F.3d at 1379 ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.").  But even if Iron Gate's direct infringement claims were to survive, the Complaint fails to plead induced or contributory infringement with the requisite particularity and must be dismissed.

### 1.  The Complaint Fails To State A Claim For Induced Infringement

Inducement of infringement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a ***specific intent*** to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (emphasis added).  The Complaint's allegations of indirect infringement fail to satisfy these requirements.

First, the Complaint does not identify which of the claims are indirectly infringed, which products or services indirectly infringe, or who committed any act of direct infringement.  *See Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 U.S. Dist. LEXIS 92079, at *12 (E.D. Tex. Mar. 29, 2010) (dismissing indirect infringement claims where they "fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims.").

Second, the Complaint fails to allege facts that, if true, would be sufficient to establish that (1) Lowe's knowingly and actively aided and abetted the direct infringement by others; and (2) Lowe's possessed specific intent to encourage the infringement by others.  *DSU Med. Corp.*

*v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*).  Specific intent to encourage the infringement requires "evidence of culpable conduct . . . not merely that the inducer had knowledge of the direct infringer's activities."  *Id.* at 1306.  "[T]he inducer must have an affirmative intent to cause direct infringement," not merely an intent "to cause the acts that produce direct infringement." *Id.; see also Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011) ("[I]nduced infringement under §271(b) requires knowledge that the induced acts constitute patent infringement").

While Iron Gate alleges that "Lowe's knowingly" performed certain acts allegedly encouraging customers to set up and use the Iris products, without more, these mere statements are insufficient to sustain a case of inducement.  Compl. at ¶20.  Specifically, the Complaint only uses boilerplate language that Lowe's instructed and encouraged its users of the accused products through "Lowe's in-store offer as well as promotional and instructional materials, including through its website instructions and its user and instruction manuals" to use the products as intended.  *Id.*  These allegations fail to state a claim for induced infringement because the Complaint fails to set forth any facts that would establish Lowe's had an affirmative intent to cause direct infringement of the '641 Patent.  *See DSU*, 471 F.3d at 1306 ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement.  Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement."); *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.,* No. 14-cv-502, 2014 U.S. Dist. LEXIS 92626, at *7 (D.N.J. July 7, 2014) (dismissing inducement allegations with prejudice where plaintiff failed "to 'satisfy the rigorous standard of demonstrating that [Defendants] had a specific intent to encourage infringement'"); *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 13-cv-38-JRG, 2014 U.S. Dist.

LEXIS 28249, at *22 (E.D. Tex. Mar. 3, 2014) (granting motion to dismiss inducement claim where allegations "[did] not support an inference of specific intent to induce infringement"); *Intellectual Ventures I LLC v. Bank of Am. Corp.*, No. 3:13-cv-358, 2014 U.S. Dist. LEXIS 28132, at *7 (W.D.N.C. Mar. 5, 2014) ("Plaintiffs merely argued that Defendants advertised the accused products on its website.  This argument fails to mention any facts that demonstrate that Defendants specifically intended for their customers to infringe the asserted patent."). Accordingly, Iron Gate's allegations of induced infringement must be dismissed.

### 2.    The Complaint Fails To State A Claim For Contributory Infringement

Iron Gate makes the conclusory allegation that Lowe's contributorily infringes under § 271(c), but a claim for contributory infringement requires more than merely selling a product or providing a service to another who uses that product or service to directly infringe a patent. *See* 35 U.S.C. § 271(c).  Instead, contributory infringement requires the sale of "a component especially designed for use in a patented invention" that "is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co. Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 2864 (2009).  "[I]n addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial noninfringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotations omitted).

In this regard, Iron Gate's claim for contributory infringement against Lowe's suffers from the same deficiencies as its claim for inducement.  First, the Complaint does not identify a specific allegedly infringing product or service, and instead offers only conclusory assertions of infringement by "at least assemblies and apparatus including the Iris Smart Home Management

System and its components such as the Iris cameras, Iris Smart Hub and backend servers, and/or Iris mobile apps." Compl. at ¶13. It would be impossible, when confronted with such a vague allegation, for Lowe's to ascertain which components from which products Iron Gate contends constitute a material part of the Patent-at-Issue so as "to inform [Lowe's] as to what it must defend." *Landmark Tech. LLC v. Aeropostale,* No. 09-CV-00262, 2010 U.S. Dist. LEXIS 136568, at *12 (E.D. Tex. March 29, 2010).

Second, the Complaint's contributory infringement claims against Lowe's amount to little more than a conclusory recitation of the statute. While the Complaint makes the generic assertion that the accused products have no substantial non-infringing uses, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. It is not plausible that the products here do not have substantial non-infringing uses because they could be used, for example, without the accused camera as the transceiver or with a desktop computer rather than a smartphone or other mobile device. *See* Exhibit B to Compl. (Iris Camera Set-up Guide) [D.E. 1-2], p. 3; Exhibit C to Compl. (Iris Outdoor Camera Set-up Guide) [D.E. 1-3], p. 3.

Third, Iron Gate fails to allege that Lowe's knew that the combination for which its components were especially made was both patented and infringing and that the components have no substantial noninfringing uses. This pleading failure is fatal to Iron Gate's contributory infringement claim. *Lucent*, 580 F.3d at 1320.

### C.      The Complaint Fails To State A Claim For Willful Infringement

Iron Gate's Complaint does not include *any* direct allegation of willful infringement. Instead, Iron Gate first asserts in its Prayer for Relief that it should be awarded damages including "enhancement for willful infringement." Compl. at p. 7. Iron Gate's demand related to willful infringement must be dismissed.

Any claim of willful infringement necessarily fails because Iron Gate has insufficiently pleaded its claim for direct infringement. *See Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, Nos. 92-1462, 92-1480, 1993 U.S. App. LEXIS 16230, at *20 (Fed. Cir. Jun. 22, 1993) ("we need not reach the issues of Manildra's alleged inducement to infringe or its alleged willful infringement, since both allegations rely on a predicate finding of actual infringement, whether literal or by equivalents"). But Iron Gates's demand for a judgment of willful infringement is insufficient in its own right. "'Willful infringement is not established by the simple fact of infringement,' even where the accused has knowledge of the patents." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 609 F. Supp. 2d 1090, 1094 (E.D. Cal. 2009) (internal quotations and citations omitted). Instead, willful infringement requires "objective recklessness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"); *LaserDynamics USA, LLC v. Cinram Grp., Inc.*, No. 15 Civ. 1629 (RWS), No. 15 Civ. 3822 (RWS), 2015 U.S. Dist. LEXIS 147562, at *8-9 (S.D.N.Y. Oct. 28, 2015).

At the pleading stage, a "bare recitation of the required legal elements for willful infringement" is insufficient to survive a motion to dismiss. *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, No. C 12-00068 JW, 2012 U.S. Dist. LEXIS 98641, at *3 (N.D. Cal. July 10, 2012). Instead, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749, at *6 (D. Del. Mar. 28, 2012) (internal citation and quotation marks omitted). Specifically, a complaint must "demonstrate[ ] a link between the various

allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *3D Sys. v. Formlabs, Inc.*, No. 13 Civ. 7973 (RWS), 2014 U.S. Dist. LEXIS 65127, at *19-20 (S.D.N.Y. May 9, 2014) (quoting *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (internal quotations omitted)).

Iron Gate's Complaint fails to plead willful infringement at all, fails to plead objective recklessness, and fails to plead any facts that would support an inference of objective recklessness. Iron Gate's claim for enhanced damages for willful infringement should therefore be dismissed.

## V.  CONCLUSION

Accordingly, for all the reasons set forth above, Iron Gate's Complaint falls short of meeting the requirements under *Twombly* and *Iqbal* for pleading a proper and plausible cause of action for direct, indirect, and willful patent infringement, and should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: January 13, 2016

HUNTON & WILLIAMS LLP

By: _____
Shawn Patrick Regan
200 Park Avenue
New York, NY 10166-0005
212-309-1000
Fax: 212-309-1100
Email: sregan@hunton.com

Michael A. Oakes
(to be admitted *pro hac vice*)
Steven L. Wood
(to be admitted *pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1500
Fax: 202-778-7459

Email:  moakes@hunton.com
Email:  swood@hunton.com

*Attorneys for Defendant*
*Lowe's Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of January, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record listed below:

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
Alexander Solo
600 South Avenue West
Westfield, NJ 07090
908-654-4500
Fax: 908-654-7866
Email:  asolo@ldlkm.com

*Attorneys for Plaintiff*

/s/ Shawn Patrick Regan
Shawn Patrick Regan