UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IRON GATE SECURITY, INC.,

           Plaintiff,

- against -

LOWE'S COMPANIES, INC.,

           Defendant.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

15-cv-8814 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        This Court issued an Opinion and Order on March 16, 2016 (the "March 16 Order") granting in part and denying in part defendant's motion to dismiss the Complaint. On March 30, 2016, defendant filed a motion for reconsideration of the March 16 Order, arguing that this Court committed clear error in determining that because certain claims of the patent at issue did not require the manufacture, sale, or use of a mobile terminal, plaintiff's claim for direct infringement could proceed. This motion is nothing but a rehash of arguments this Court considered and rejected in deciding the March 16 Order. Accordingly, defendant's motion is DENIED.

**I.    LEGAL STANDARD**

The standard for granting a motion for reconsideration is strict. "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"[1] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[2] Grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[3]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[4] Local Rule 6.3 must

---

[1] *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[2] *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[3] *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted). *See also Shrader*, 70 F.3d at 257 (describing grounds for reconsideration as "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

[4] *In re Optimal U.S. Litigation*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the

be "'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'"[5] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[6] A motion for reconsideration is not an "'opportunity for making new arguments that could have been previously advanced,'"[7] nor is it a substitute for appeal.[8]

## II. DISCUSSION

Defendant's motion for reconsideration is narrow: it seeks reconsideration "solely of the portion of the [March 16] Order regarding direct infringement based on the Court's finding that '[n]either of [Claims 15 and 22] of

---

underlying motion sought to be reconsidered.").

[5] *Simon v. City of New York*, No. 14 Civ. 8391, 2015 WL 4092389, at *1 (S.D.N.Y. July 6, 2015) (quoting *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)).

[6] *Flood v. Carlson Rests, Inc.*, No. 14 Civ. 2740, 2015 WL 6870490, at *2 (S.D.N.Y. Nov. 9, 2015) (quoting *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)).

[7] *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (quoting *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

[8] *See Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. 14 Civ. 9494, 2015 WL 9480080, at *1 (S.D.N.Y. Dec. 22, 2015).

the '641 Patent requires the direct infringer to make, use, sell, or offer to sell a mobile terminal.'"[9] Defendant argues that both Claim 15 and Claim 22 require the presence of a mobile terminal, and that this Court committed clear error by holding that they do not. Based on this reading of the claims, defendant asserts that this Court further erred in holding that plaintiff had sufficiently pled infringement of those claims, even though it did not plead that Lowe's manufactured, used, sold, or offered to sell a mobile terminal.[10]

Both parties argued this precise point in support of or in opposition to defendant's motion to dismiss. Defendant argued, as here, that the three independent claims of the '641 Patent each required the manufacture, use, sale, or offer for sale of a mobile terminal.[11] Plaintiff argued that only Claim 1 of the '641 Patent required a mobile terminal, and that the other two independent claims – Claim 15 and Claim 22 — could be directly infringed without the manufacture,

---

[9] Defendant Lowe's Companies, Inc.'s Memorandum of Law in Support of Its Motion for Reconsideration ("Def. Mem.") at 1 (quoting *Iron Gate Sec., Inc. v. Lowe's Cos., Inc.*, No. 15-cv-8814, 2016 WL 1070853, at *4 (S.D.N.Y. Mar. 16, 2016)).

[10] *See id.* at 4-7.

[11] *See* Defendant Lowe's Companies, Inc.'s Reply Brief in Support of Its Motion to Dismiss the Complaint at 2-4.

-4-

use, sale, or offer for sale of a mobile terminal.[12] This Court considered both parties' arguments, agreed with plaintiff, and rendered a decision accordingly.[13] While defendant is understandably disappointed with this Court's ruling, and while it may sincerely believe this Court reached its decision in error, its proper course of action is to appeal the March 16 Order at the appropriate time — not to seek reconsideration of an issue already fully considered by this Court.

### III. CONCLUSION

For the foregoing reasons, defendant's motion is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 31).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
April 11, 2016

---

[12] *See* Iron Gate's Opposition to Lowe's Motion to Dismiss the Complaint at 7-8.

[13] *See Iron Gate*, 2016 WL 1070853, at *4 ("Claim 15 only recites a step of 'forwarding the transduced signal to a mobile terminal,' which Iron Gate alleges is accomplished by the components of Lowe's Iris Smart Home Management System. Likewise, Claim 22 only requires 'at least one transducer' and 'a controller' for use '[i]n a radio communication system having a mobile terminal and network infrastructure . . . .' Here, Iron Gate alleges that the transducer and controller are sold by Lowe's for use in such a system, constituting a direct infringement of the '641 Patent.") (internal citations omitted).

-Appearances-

**For Plaintiff:**

Gregory S. Gewirtz, Esq.
Jonathan A. David, Esq.
Alexander Solo, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000

**For Defendant:**

Shawn P. Regan, Esq.
Michael Oakes, Esq.
Steven L. Wood, Esq.
Hunton & Williams, LLP
200 Park Avenue, 52nd Floor
New York, NY 10166
(212) 309-1046